1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10  DANNY RAY HORNING

11          Petitioner,              No. CIV S-10-1932 JAM GGH DP

12      vs.                         **DEATH PENALTY CASE**

13  VINCENT CULLEN, Acting Warden
    Ca. State Prison at San Quentin,
14

15          Respondent.              <u>ORDER</u>

16  _____/

17          Petitioner's present counsel desire federal permission for appointment in

18  connection with filing and participating in state exhaustion proceedings possibly contemplated by

19  the court order of March 21, 2011.

20          Because the factual basis which stood as the reason for tolling the AEDPA

21  limitations period on exhaustion is singular in nature; because petitioner's counsel are intimately

22  familiar with the issue which arose during the investigative phase for preparing the federal

23  petition; and most importantly, because the issue involved is not something which could

24  reasonably have been developed previously as the "innocence letter" standing as the basis for the

25  new issue(s) was disclosed to petitioner's counsel only during the investigative phase for the

26  filing of the federal petition: the undersigned finds *in this case* that petitioner's federal counsel

1

may engage in state exhaustion proceedings *in the event this court agrees to stay the processing of the federal petition pending exhaustion proceedings.*[1]  This permission applies to all claims presented on state exhaustion as it makes little sense logistically to sever the claim(s) on which the 60 day equitable tolling of the entire federal petition's timely filing date was based from all other to-be-exhausted claims.[2]

The above authorization is without prejudice to any argument respondent has, or desires to preserve, regarding statute of limitations issues.

Dated:  July 6, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

horning1932.ord.exh

---

[1]Of course, this federal court has no authority to appoint counsel in state proceedings, or otherwise make orders in the state proceedings.  State court and state law would determine who is appropriately representing a habeas petitioner in state courts.  However, to the extent that representation of petitioner by present federal counsel in state exhaustion proceedings is deemed or found appropriate under state law, this order indicates that fees and expenses incurred by present federal counsel in the state proceedings may be federally reimbursed as those fees and expenses would be reimbursed if actually occurring in the federal proceeding.

[2]The undersigned tolled the filing time for the entire federal petition, although based on only one, or several potential claims involving the "innocence letter," in that it made no sense to have piecemeal filing dates for the petition as a whole.

2