1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 DANNY RAY HORNING               )
                      Petitioner,  )      Case No. 2:10-CV-01932 JAM GGH
                                   )
12                                 )      **DEATH PENALTY CASE**
         vs.                       )
13                                 )      <u>FINDINGS AND RECOMMENDATIONS</u>
                                   )
14 MICHAEL MARTEL                  )
                      Respondent   )
15 _____

16 *Introduction and Summary*

17           Most motions in capital cases are difficult; this one is not.  Petitioner seeks a

18 <u>Rhines</u> stay of the federal petition while he exhausts new claims, or at the very least, potentially

19 significant new evidence related to already stated claims.  No dispute exists with respect to the

20 *bona fides* of acquisition of the new evidence, i.e., the "exoneration" evidence[1] was recently

21 discovered by respondent who then forwarded it on to petitioner.  A <u>Rhines</u> stay should issue.

22 Because legitimate reasons are present to exhaust the "exoneration" claims, there is no present

23 \\\\\

24 _____

25         [1]  The undersigned places "exoneration" in quotes because the evidence, although facially
exonerating, will have its substance and credibility challenged by respondent.  The undersigned
26 expresses no opinion herein about the ultimate viability of the "exoneration" evidence.

1  impediment in seeking to exhaust any new claim petitioner desires to exhaust.[2]

2         The undersigned therefore recommends that this federal petition be stayed pending

3  resolution of the already filed exhaustion petition in state court.

4  *Facts*

5         Petitioner was not the first person charged with the 1990 murder of Sammy

6  McCullogh, the murder at issue in this habeas petition.  An unusual circumstance which relates to

7  the new evidence at issue in this case was the initial charging and dismissal of petitioner's brother,

8  Steven Horning, for the death of Mr. McCullogh..  Nevertheless, petitioner was thereafter charged

9  with and convicted of the special circumstances murder of McCullogh, and was sentenced to

10 death on January 26, 1995.  Petitioner's conviction was affirmed by the California Supreme Court

11 and the first round of state habeas proceedings was finished on May 12, 2010.  Federal

12 proceedings commenced on July 21, 2010 with petitioner's request for appointment of counsel.

13        Soon thereafter petitioner's appointed counsel requested that the undersigned toll

14 the AEDPA limitations period due to, *inter alia*, a newly discovered letter written by yet another

15 brother of petitioner, Jerry Horning.  This letter, written in 1995, purported to blame the

16 McCullogh murder on the initially charged Steven Horning.  Jerry Horning explained that

17 McCullogh owed a drug debt to Steven, and when it wasn't paid, Steven killed McCullogh.  The

18 letter was not discovered until early 2011 when petitioner's present counsel were investigating

19 another murder committed by Steven.  In the course of that investigation, a person with the

20 Soledad Police Department notified respondent's counsel about the Jerry Horning letter;

21 respondent's counsel timely notified petitioner's counsel of the letter.[3]

22 \\\\

23

24        [2] Of course, there still might exist relation back problems with respect to an assertion of the AEDPA limitations against any claims sought to be amended into the present petition at a later time.

25

26        [3] It is not precisely clear to the undersigned why the Jerry Horning letter was in the possession of the Soledad Police Department.

1    Due to the need to investigate the letter, petitioner made a motion to toll the swiftly

2  approaching AEDPA deadline for the filing of the petition in this case.  That motion was granted.

3  The undersigned found that, "[t]he letter could be related to ineffective assistance of counsel

4  claims already adjudicated in state court, or new claims to be asserted, including a stand alone

5  actual innocence claim."  Findings and Recommendations, at 2-3 (March 21, 2011).  Further:

6        The letter situation of this case is a different matter.  Through no fault of their own,
         and while diligently investigating the case, a heretofore unknown letter was
7        belatedly discovered.  The letter, a facial assertion demonstrating actual innocence,
         is potentially very important to a fair adjudication of any petition, federal or state.
8        Determining whether the letter can be a good faith focal point of a claim, or simply
         another disappointing (for petitioner) dead end, will take investigation.
9

10  Id. at 4.

11    Counsel performed their investigation, and filed a federal petition, with inclusion

12  of the new evidence in respect to already stated claims, and an actual innocence claim.

13  Because the new stand alone innocence claim (Claim 49) and the other claims utilizing the new

14  evidence would be deemed to be unexhausted, see Vasquez v. Hillary, 474 U.S. 257-58, 106 S.Ct.

15  67 (1986); Valdovinos v. McGrath, 598 F.3d 568, 573 (9th Cir. 2010), vacated on other grounds

16  Horel v. Valdovinos, 131 S.Ct. 1042 (2011), ( new evidence which substantially changes the

17  nature of the claim from when it was first stated in state court, requires exhaustion), petitioner

18  sought a stay of the federal actions under Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005).[4]

19  Petitioner also seeks to exhaust new claims unrelated to the new Jerry Horning letter evidence.

20  *Discussion*

21    Like many things in law and life, a common sense balance of competing factors is

22  necessary in determining whether a federal petition should be stayed pending exhaustion of new

23  claims in state court.  Too liberal an approach will result in "never ending" lengthy habeas

24  litigations which do not respect the finality of the state criminal process; too conservative a policy

25

26    [4]  Rhines put an end to the requirement that only a petition with fully exhausted claims
     could be stayed.

3

1  will result in many potentially meritorious claims being decided on grounds other than their merits

2  – generally a bad thing.

3       In *Jackson,* we stated that "good cause" for failure to exhaust does not require
       "extraordinary circumstances." 425 F.3d at 661-62. But as the *Jackson* court

4       recognized, we must interpret whether a petitioner has "good cause" for a failure to
       exhaust in light of the Supreme Court's instruction in *Rhines* that the district court

5       should only stay mixed petitions in "limited circumstances." Id. at 661. We also
       must be mindful that AEDPA aims to encourage the finality of sentences and to

6       encourage petitioners to exhaust their claims in state court before filing in federal
       court. *Rhines*, 544 U.S. at 276-77, 125 S.Ct. 1528. To conclude, in this case, that

7       Wooten had "good cause" for his failure to exhaust would conflict with the
       Supreme Court's guidance in *Rhines* and disregard the goals of AEDPA.

8

9  <u>Wooten v.Kirkland</u>, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

10  On the other hand:

11       *Rhines* opined that a district court would likely abuse its discretion in denying such
       a stay where "the petitioner had good cause for his failure to exhaust, his

12       unexhausted claims are potentially meritorious, and there is no indication that the
       petitioner engaged in intentionally dilatory tactics." *Id*. at 278, 125 S.Ct. 1528.

13

14  <u>Valdovinos</u>, 598 F.3d at 574.

15       In the present case, petitioner's counsel have been diligent, and the late disclosure

16  of the letter, and hence the belated request to exhaust, had nothing to do with petitioner.  Indeed, it

17  was the diligent investigation of federal counsel which caused the process leading to unearthing of

18  the letter.  The evidence potentially supports an actual evidence claim, and the undersigned is not

19  in a position at this time to judge the credibility of the author.  There is little reason to believe that

20  the actual evidence claim would be barred by the AEDPA limitations restriction.  <u>See</u> 28 U.S.C. §

21  2244(d)(1)(D).  It would be an abuse of discretion at this time not to authorize a stay for purposes

22  of exhaustion.

23       With respect to other new claims not related to the letter, the court need not make

24  any findings regarding the justification of a stay for such claims.  One claim requiring a stay acts

25  as an umbrella for all claims, i.e., once a case is stayed, no further action may be taken in the case.

26  Petitioner may attempt to exhaust these other new claims, or not, as petitioner sees fit.  Whether

4

1  these other "new" claims survive an AEDPA limitations motion or procedural bar after the case is

2  unstayed, is an issue which need not detain the federal court at this time.

3  *Conclusion*

4         IT IS HEREBY RECOMMENDED that petitioner's motion to stay this federal

5  proceeding pending exhaustion of new claims in state court (Docket # 29) should be granted.

6         These Findings and Recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

8  days after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11  shall be served and filed within ten days after service of the objections.  The parties are advised

12  that failure to file objections within the specified time may waive the right to appeal the District

13  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14  DATED:  November 28, 2011

15                       /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE

16

17  GGH:gh
horning-stay

18

19

20

21

22

23

24

25

26

5