IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANNY RAY HORNING | | |
| | Petitioner, | No.  2:10-cv-1932 JAM GGH |
| | | DEATH PENALTY CASE |
| vs. | | |
| KEVIN CHAPPELL | | |
| | Respondent. | |
| _____/ | | |

*Introduction and Summary*

Petitioner requests that the <u>Rhines</u> exhaustion stay entered in this case be lifted temporarily in order that a new juror misconduct claim, allegedly discovered after entry of the <u>Rhines</u> stay, be attached to the stayed petition while exhaustion continues on the newly discovered claim.  For the reasons set forth below, petitioner's request is granted.

*The New Claim*

It is not the purpose here to adjudicate the merits of the new claim, but a short description is in order to determine whether the claim is colorable.  Juror contact information for this 1994 capital trial only recently became available, the information having been protected by court order for decades.  More will be said about the discovery of this information in the

1

procedural facts section.  Suffice it to say that petitioner alleges that a juror gave false information during the voir dire phase of the case insofar as he did not relate that he was employed by the Stockton Record (the trial was held in Stockton), and that he failed, when asked, to relate that he had a personal connection with a decedent in an unrelated capital case, and that he was a "criminal case follower" because he was very interested in this case.  Petitioner asserts that the juror gave this false information in order to serve on this jury, i.e., he thought he might be challenged if he gave the true information.  Petitioner would draw the inference, therefore, that this juror who "had to serve" was a prosecution oriented juror and biased.  See generally Hamilton v. Ayers, 583 F.3d 1100, 1107-1109 (9th Cir. 2009) (discussing, among other things, Dyer v. Calderon, 151 F.3d 970, 979 (9th Cir. 1998) (en banc) (the case of the "overly zealous" juror).  The claim as presently posited is neither a certain winner nor is it frivolous; it should be termed initially colorable.

*Pertinent Procedural History*

This capital case was initiated on July 21, 2010 with a request for appointment of counsel and a request for stay of execution.  Later proceedings resulted in an equitable tolling of the statute of limitations on account of newly discovered evidence so that a fully informed petition could be filed at a later time.  That petition was filed on July 11, 2011, and a request for a Rhines stay[1] was concurrently made primarily on the assertion of an actual innocence claim (a Horning sibling committed the murder).  That stay was issued on January 19, 2012.

Petitioner now alleges that during the course of the stay (the state exhaustion petition remains pending), he once again has discovered new evidence; this time the evidence relates to juror misconduct during voir dire.  While one could be skeptical at this juncture of the seemingly endless pit of "new evidence" in this case, the facts do not warrant that skepticism.

---

[1] Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005).  Rhines permitted a mixed petition to be stayed pending exhaustion of unexhausted claims.  This type of stay obviated the problem of dismissing mixed petitions with attendant statute of limitations problems because a dismissed without prejudice petition is as if no petition had ever been brought for limitations purposes.

During the record correction process on direct review, the Attorney General moved the San Joaquin Superior Court for a protective order, precluding any party from contacting a juror who had sat in the case. The order was issued by Judge William Giffin on June 1, 2000. After direct review had been completed, and during the state habeas process afterwards, petitioner's then habeas attorney (Karl) petitioned the Superior Court to vacate the juror protective order. This request was denied on September 8, 2008. A motion for reconsideration was filed requesting the release of juror information and that the court query the jurors to see if they would be willing to discuss the case with petitioner's counsel. A new judge assigned to the case, Judge Agbayani, disclosed to the parties that juror records for the case had been purged, and he was mulling certain options which might aid the ability to acquire juror information. However, the judge reiterated in no uncertain terms, even as late as January 29, 2010, that the protective order prohibiting juror contact was still in effect.

Somehow, even though juror records had been purged, Judge Agbayani was able to contact the jurors with a request for them to indicate whether they would permit contact by petitioner's counsel. Of those who responded (8), the desire not to be contacted was unanimous.

It was not until federal habeas counsel were involved in yet another motion for reconsideration that the Superior Court determined on August 25, 2011 that there really was no extant reason for leaving the protective order in effect, and it was vacated. Subsequent investigation by petitioner's counsel led to the motion to amend at issue here with respect to juror misconduct. Petitioner has not awaited this court's ruling to commence the state exhaustion process on this juror claim, and such is pending presently before the California Supreme Court.

*Discussion*

The parties spend some time briefing the application of Fed.R.Civ.P. 15 (amendments to pleadings). However, because a federal capital case has scheduling not contemplated in the ordinary civil case, or even the non-capital habeas case, the applicability of Fed.R.Civ.P. 81(a)(4) (use of civil rules in habeas to the extent not inconsistent with habeas law

and has conformed to the practice in civil actions), and hence the applicability of Rule 15 itself, is in doubt.[2] Having so stated, however, the guiding principles permitting amendments in civil cases can be applied within the specific context of a capital habeas case. See e.g., Waddy v. Coyle, 2012 WL 2711461 (S.D. Ohio 2012).

The amendment principles, although often based on a formulaic factor test,[3] boil down to one sentence-- do not deny amendment unless there is a good reason to do so. "'Not surprisingly, denying leave to amend, absent articulable reason, is "not an exercise of discretion" but rather "abuse of ... discretion." Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.3d 363, 367 (5th Cir. 2001) cited with approval, Eminence Capital LLC v. Aspeon Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Leave to amend should be granted with "extreme liberality," id at 1051, with prejudice to the party opposing amendment as the most important factor. Id. at 1052. Delay in seeking to amend can be considered as a factor denying amendment, but the delay should have some unfair impact (prejudice) on the ability of the party to defend on the merits, e.g., evidence missing, much expense and labor in litigating wasted by going back to "square one," with an

---

[2] Much of Rule 15 is predicated on the norm in ordinary civil cases. A short and concise complaint is filed, and then an answer or other responsive pleading generally is filed early on in the litigation. Whether one can "amend as of right," Rule 15(a)(1) is determined with those filing times in mind. Diligence in seeking leave to amend is often gauged by the close of pleadings and specific orders at a scheduling conference held early on in the litigation. In capital habeas, the petition (complaint) is anything but short and concise, and must itself justify the existence of claims. Often a responsive pleading is put off far into the future because of exhaustion proceedings, and many capital habeas cases are stayed pending exhaustion of further claims. An answer in habeas is not simply an admission or denial of facts set forth in a complaint, but it is more akin to a cross-motion for summary judgment. So, for example, applying in capital habeas Rule 15(a)(1)(B)'s permitting an amendment as of right twenty-one days after a responsive pleading is filed is not a good fit and unduly delays capital habeas proceedings. Thus, the "right" to amend in capital habeas proceedings is justified based on the chronology of a capital case, and the circumstances permitting amendment in capital habeas cases are largely determined by the pre-answer procedural context. Capital cases should be distinguished from non-capital habeas cases for which the Ninth Circuit has held Rule 15 applicable. See James v. Giles, 221 F.3d 1074-78 (9th Cir 2000).

[3] Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962) (setting forth five criteria: undue prejudice to opposing party, undue delay, improper motive, e.g., stall, on part of the moving party, repeated failure to cure deficiencies, and futility of amendment).

4

amendment.

Applying these principles to the present situation, it is clear that amendment should be permitted, i.e., there is not a good reason to deny amendment. First, petitioner, through his various state and federal habeas counsel have diligently sought to have vacated the juror contact preclusion order that was initiated *at the behest of respondent and his counsel (the State of California and the Attorney General)*. The undersigned is not being critical of the Attorney General for seeking such an order; there may have been good reason for it at the time. But fair is fair– one cannot seek an order precluding juror contact, obtain that order, and then assert that petitioner is at fault for not having that order overturned more quickly than it was.

Moreover, it is difficult for respondent to claim that it is prejudiced by the late bringing of the claim when the State played the major part in not permitting the facts of the alleged juror misconduct to come to light until recently. And, petitioner has accompanied the request to amend with a declaration by the allegedly errant juror; this juror appears to have a sufficient recollection of the essential facts. The facts related by the juror are of the type that are probably subject to confirmation or repudiation by contacting other sources, e.g., the Stockton Record. Respondent should be able to investigate the claim and take what actions are appropriate in defense, i.e., the ability to defend has not been prejudiced.

The merits of the claim have yet to be litigated. Petitioner asserts that this juror purposefully withheld facts which might have caused the juror to be challenged for cause in that he desired to be on the jury too much, and knew that if he answered the questions truthfully and completely, he might well not have served on the jury. As previously mentioned, this leads to the inference, at least one inference, that he was a juror biased in favor of the prosecution. Because the claim is colorable, leave to amend should be granted on this basis as well. And with reference to the procedural facts, it is unlikely that the AEDPA limitations period *as calculated under the appropriate section*, will bar this claim. See 28 U.S.C. § 2244(d)(1)(B) and (D).

Finally, the court notes that petitioner has shown good faith in requesting the

amendment because, contemporaneous to the request, petitioner is already seeking to exhaust this claim in the state supreme court.  Petitioner is not taking the one ponderous step at a time approach in this capital habeas case, i.e., seek to amend, await the order, amend the petition,-- then go over to state court, which some attorneys in the undersigned's experience are wont to do.  Rather, in all likelihood, the state resolution of the previous actual innocence claim sent back for exhaustion will be accompanied by a ruling on the juror misconduct issue as well.

      For the above reasons, it is appropriate to allow the requested amendment to the petition.

*Conclusion*

      Accordingly, IT IS HEREBY ORDERED:

      1. The stay previously ordered in this case is lifted temporarily only in respect to allow the filing of an amended claim;

      2. Petitioner's motion to strike (Docket # 45) respondent's opposition to the motion to temporarily lift stay etc. is denied;

      3. Petitioner's request to amend the petition contained within the Motion to Temporarily Lift Stay etc. (Docket # 43) is granted;

      4. The petition in this case (Docket # 26) is amended to contain Claim 10 G as set forth in the Motion to Temporarily Lift Stay etc., (Docket # 43), and it is deemed served upon respondent;

      5. In all respects, after the filing of this order, the stay ordered by Judge Mendez (Docket # 41) remains in effect;

      6. This order resolves Docket # 43 as well as Docket # 45.

DATED: October 5, 2012

              /s/ Gregory G. Hollows
      UNITED STATES MAGISTRATE JUDGE