1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DANNY RAY HORNING,                          No.  2:10-cv-01932 DAD DB

12              Petitioner,                       DEATH PENALTY CASE

13        v.

14   RON BROOMFIELD,                              ORDER

15              Respondent.

16

17        On November 4, 2022, this court heard argument on petitioner's Motion to Temporarily

18   Lift the Stay and Abeyance to Preserve Testimony.  (See ECF No. 69.)  Lissa Gardner appeared

19   for petitioner.  Robert Gezi appeared for respondent.  Petitioner seeks to temporarily lift the

20   present stay in order to preserve the testimony of five social history witnesses and eighteen guilt

21   phase witnesses.  (ECF No. 58 at 17-18.)  Petitioner also requests permission from the court to

22   "file the declarations of said witnesses in lieu of their live testimony" should any be too aged or

23   frail to be deposed.  (Id. at 9.)  Should the court grant petitioner's motion, respondent requests

24   discovery thirty days prior to any deposition.  (ECF No. 61 at 54-56.)

25        After considering the parties' briefing, hearing the argument of counsel, and good cause

26   appearing, this court will grant in part and deny in part petitioner's currently pending motion for

27   the reasons set forth below.  Additionally, the court will deny respondent's request for discovery

28   prior to any depositions for the reasons discussed below.

1

**BACKGROUND**

On July 25, 1994, a jury found petitioner guilty of murder with special circumstances of robbery and burglary.  (ECF No. 26 at 39.)  On January 26, 1995, the trial court sentenced petitioner to death.  (Id.; ECF No. 61 at 9.)  On automatic appeal, the California Supreme Court affirmed the judgment in full on December 16, 2004.  (ECF No. 26 at 41; ECF No. 61 at 9.)  Certiorari was denied by the US Supreme Court on October 3, 2005.  (Id.)  Petitioner filed a habeas petition with the California Supreme Court which was denied on May 12, 2010.  (ECF No. 26 at 43; ECF No. 61 at 9.)

Petitioner filed a habeas petition with this court on July 11, 2011.  (ECF No. 26.)  The court stayed federal proceedings on January 19, 2012 so petitioner could return to state court in an attempt to exhaust previously unexhausted claims.  (ECF No. 41.)  Though state proceedings are still ongoing, on June 1, 2022, petitioner filed the present motion to temporarily lift the stay to preserve the testimony of aging and/or ailing witnesses.  (ECF No. 58.)  Respondent filed an opposition to the motion on July 15, 2022.  (ECF No. 61.)  Petitioner filed a reply on July 25, 2022.  (ECF No. 62.)  In response to petitioner's request, on August 18, 2022,  Magistrate Judge Dennis M. Cota recused himself.  (ECF No. 64.) As a result, this case, along with the pending motion, was reassigned to the undersigned.  (ECF No. 65.)  Oral argument was held on November 4, 2022 after which the court took the matter under submission with a written order to issue. (ECF No. 69.)

**MOTION TO TEMPORARILY LIFT STAY AND ABEYANCE TO PRESERVE TESTIMONY**

**I.     Parties' Requests**

In the present motion, petitioner makes two requests.  First, he requests that the court temporarily lift the stay for petitioner to preserve the testimony of twenty-three witnesses via deposition.  (ECF No. 58 at 113.)  Second, he seeks permission to file declarations from these witnesses in the event any of them are too aged and/or to be deposed.  (Id.)

////

////

2

Petitioner seeks to take depositions from five social history witnesses: Connie Calhoun, Gary Calhoun, James Gerald Carnes, Richard Smith, and Nora Yant.[1]  (Id. at 9.)  He also seeks deposition testimony from eighteen guilt phase witnesses: Donald L. Bull, Jr., John E., Judge William R. Giffen, Larry Hastings, Jerry D. Horning, Barry Karl, Mark Koch, Donald Loving, Jr., Leonard J. Mark, Patricia M. O'Connor, Ronald R. Peterson, Leo Patrick Piggott, Michael E. Platt, Robert Gustav Sand, Shirley Sanders, John F. Schuck, III, Judi Smith, and Gordon Sonne. (Id.)

In the opposition, respondent requests discovery should the court decide to grant petitioner's motion to depose the above witnesses.  (ECF No. 61 at 54-56.)  Specifically, respondent seeks access to petitioner's trial counsels' file, leave to obtain copies of the confidential records relating to the funding for petitioner's defense in his capital trial, and "any statements testimony, declaration or affidavits" from any upcoming deponents.  (Id. at 55-56.)

**II.     Petitioner's Request to Preserve Testimony via Deposition**

**A.  Legal Standard**

A petitioner in a habeas action "is not entitled to discover as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997); see Harris v. Nelson, 394 U.S. 286, 295 (1969); see also Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999).   However, Rule 6(a) of the Rules Governing § 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Under Rule 6(a), the District Court is given "wide discretion in determining whether there is good cause to permit discovery in a habeas proceeding."  Tennison v. Henry, 203 F.R.D. 435, 439 (N.D. Cal. Sep. 21, 2001); see Johnson v. Davis, No. 98-cv-04043-SI, 2017 WL 2617965, at *3 (N.D. Cal. June 16, 2017).

////

////

---

[1] In his motion, petitioner also sought to depose a sixth social history witness, Elfigo Pena.  (ECF No. 58 at 9.)  However, petitioner informed the court at oral argument that Mr. Pena passed away in September, 2022.  As such, petitioner now seeks depositions from the remaining five social history witnesses.  (See Id.)

Rule 27(a) of the Federal Rules of Civil Procedure permits a party to petition the court to preserve the testimony of witnesses prior to litigation commencing. The petition must show:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> (B) the subject matter of the expected action and the petitioner's interest;
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1)(A)-(E).

Rule 27(a) differs from other discovery rules as it permits testimony to be taken on a showing of good cause before discovery would usually be allowed. To establish good cause the requesting party must (1) show that they are acting in anticipation of future litigation (2) explain the substance of the testimony it expects to elicit, and (3) provide evidence of a significant risk that the testimony will be lost if not preserved. Calderon v. U.S. District Court for the Northern District of California (Thomas), 144 F.3d 618, 621-22 (9th Cir. 1998). A party may be acting in anticipation of litigation in federal court even where a party can still obtain relief in state court. Id. at 622. ("the application of the exhaustion requirement to a discovery request under Rule 27(a) would render the rule useless as a mechanism for preserving testimony prior to litigation.") As to the third element, courts have found that advanced age or infirmity of a witness presents a compelling reason to justify perpetuating that witness's testimony. See, e.g., Penn Mutual Life Ins. Co. v. United States, 68 F.3d 1371, 1375 (D.C. Cir.1995) ("Advanced age certainly carries an increased risk that the witness will be unavailable by the time of trial."); Texaco v. Borda, 383 F.2d 607, 609 (3d Cir. 1967); Bodine v. Graco, Inc., No. CV 05-434-TUC-BPV, 2007 WL 9757798, at *1 (D. Ariz. May 18, 2007) ("advanced age, by itself may be relevant in that it carries an increased risk that the witness will be unavailable by the time of trial"); Tennison, 203 F.R.D. at 441-42 (granting permission to depose two witnesses, ages 71 and 63). "If the court is

////

4

1   'satisfied that the perpetuation of the testimony may prevent a failure or delay of justice,' it shall

2   permit the deposition to be taken." <u>Thomas</u>, 144 F.3d at 621 (quoting Fed. R. Civ. Pro. 27(a)(3)).

3          **B. Discussion**

4          Petitioner, as the requesting party, has established good cause to perpetuate the testimony

5   of the requested witnesses under Rule 27(a).  Petitioner satisfies the three elements to show good

6   cause. <u>Thomas</u>, 144 F.3d at 621-22.

7          **1.  Petitioner Is Acting in Anticipation of Litigation**

8          Petitioner has already filed a habeas petition in this action and later amended that petition.

9   (ECF Nos. 26, 50.)  Though this action is presently stayed so petitioner may seek to exhaust

10  claims in state court, petitioner has given every indication that he intends to return to federal court

11  to litigate this action following the conclusion of state proceedings.  This is sufficient to show that

12  petition is acting in anticipation of litigation.  Thus, petitioner's request meets the first

13  requirement to perpetuate testimony under Rule 27(a).  <u>Thomas</u>, 144 F.3d at 621.

14         **2.  Petitioner Has Explained the Substance of the Expected Testimony**

15         Petitioner's motion provides detailed explanations of the testimony that is expected from

16  each of the proposed deponents.  With the exception of one individual, petitioner has also

17  provided prior declarations from each of the witnesses.  (<u>See</u> ECF No. 58-1.)  For the one

18  proposed deponent without a declaration, retired Judge William R. Giffen, petitioner still explains

19  the expected testimony.  This is supported by a declaration from another witness, Mr. Platt, as

20  well as a corroborating statement from Judge Giffen.  (<u>See</u> ECF No. 58 at 38.)  Petitioner's

21  motion also contains summaries of the expected testimony from each of the proposed witnesses.

22  (<u>See</u> ECF No. 58 at 23-26, 28-30, 33-36, 38, 42-44, 52, 54, 56-61, 64-96, 98-101, 103-09.)

23         Additionally, petitioner provides clear connections between the expected testimony of the

24  proposed deponents and the claims raised in his petition.  Despite this, respondent argues that "the

25  proposed deposition testimony is not properly tied to any existing federal habeas claim or

26  ////

27  ////

28  ////

claims." (ECF No. 61 at 11.)  Respondent is mistaken.  Petitioner plainly states the following in

his motion:

> The testimony of the above witnesses is offered in support of Petitioner's claims that he was denied constitutionally effective assistance of trial counsel at the guilt and sentencing phases. *See,* ECF Doc. 26, Petition for Writ of Habeas Corpus, Claims 1, 2, 6, 7, 7(B), 11-15, 21, 25, 27, 28, 31, 32, 34-37, 40, 41, 46, and 49-51. The testimony is also offered as evidence of prosecutorial misconduct which violated Petitioner's Constitutional Rights. *See*, ECF Doc. 26, Claims 3-5, 22, and 29. Additionally, the testimony will demonstrate that Petitioner was denied his Sixth and Fourteenth Amendment rights to a fair and impartial jury. *See*, e.g., Claims 8, 9, and 10. *See also*, ECF Doc. 43, Claim 10 G, and ECF Doc. 50. Finally, Petitioner's convictions and sentence are unconstitutionally imposed, in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution because the state court appellate, habeas, and post-conviction processes were inadequate, insufficient, arbitrary, capricious and unfair, the anticipated testimony of these witnesses is also offered in support of Petitioner's Claims 16-19, 23, 24, 26, and 45-51. (California capital sentencing system unconstitutional as aggravating factors are vague); (Death sentence is arbitrary, discriminatory, and disproportionate); (Death sentence imposed violates international law); (Petitioner's sentence unconstitutional because of the cumulative effect of the errors and constitutional violations); (Ineffective assistance of counsel on appeal and in post-conviction proceedings for failing to raise claim that trial counsel rendered ineffective assistance at sentencing). The testimony of the above witnesses as set forth in detail *supra*, will clearly be relevant to support Petitioner's claims. *See, e.g.* Fed. R. Civ. Pro. 26(b).

ECF No. 58 at 111-12.

Further, petitioner also individually connects the testimony of each witness to his

individual claims.  (See id. at 21-22, 27-32, 36-37, 39, 41-42, 52-53, 56-57, 60-63, 84-86, 88, 97,

99, 102-04, 106-07, 109.)  Discussing each witness in turn, the motion discusses in great detail

the witness's expected testimony and identifies how that testimony is relevant to his claims.  (See

id.)  Petitioner thus explains the substance of the testimony he seeks to elicit and provides a clear

connection between that testimony and his claims.  Thomas, 144 F.3d at 621.  As such,

petitioner's motion also satisfies the second requirement to establish good cause.  Id.

1

**3.  Petitioner Has Provided Evidence of a Significant Risk the Testimony Will**

2

**Be Lost If Not Preserved**

3      Petitioner has shown that there exists a significant risk that the proposed testimony will be

4  lost if not preserved.  <u>Thomas</u>, 144 F.3d at 621.  Petitioner provides information about each

5  witness describing the conditions specific to them that present a risk of their testimony being lost.

6  This includes the age of proposed deponents, their ability to provide unique testimony, and health

7  risk factors that these witnesses face.  Below is a list of each proposed witness with the factors

8  that contribute to the significant risk that each witness's testimony will be lost:

| Witness | Risks That Testimony Will Be Lost If Not Preserved |
|---|---|
| Connie Calhoun | • 68 years old  (ECF No. 58 at 17.)<br>• Ms. Calhoun can provide testimony as to petitioner's family's poverty level. (<u>Id.</u> at 24.)<br>• Ms. Calhoun's testimony is important "corroborated testimony relating to Petitioner's impecunious circumstances during childhood" and is information that can be "relied upon by mental health professionals and mitigation experts." (<u>Id.</u> at 26.) |
| Gary Calhoun | • 80 years old  (<u>Id.</u> at 17.)<br>• Mr. Calhoun is the sole remaining educator interviewed by trial counsel's investigator. (<u>Id.</u> at 23.)<br>• Mr. Calhoun can provide unique testimony regarding petitioner's possible malnourishment and exposure to toxic chemicals.  (<u>Id.</u>) |
| James Gerald Carnes | • 89 years old  (<u>Id.</u> at 17.)<br>• As petitioner's maternal uncle petitioner suggests "[he] is perhaps the only living person to be able to testify about Petitioner's family social history." (<u>Id.</u> at 24.)<br>• "The significance of the testimony of Mr. Carnes is underscored as Petitioner's mother, father, and grandparents are all deceased."  (<u>Id.</u>) |
| Richard "Dickie" Smith | • Approximately 75 years old (ECF No. 58-1 at 68.)<br>• Mr. Smith can testify to petitioner's "lack of parental supervision" as well as the segregation of petitioner's community.  (ECF No. 68 at 23.) |
| Nora Yant | • "In [her] 70s"  (<u>Id.</u> at 17.)<br>• Ms. Yant can testify about petitioner's father teaching his children to shoplift.  (<u>Id.</u> at 23.)<br>• Ms. Yant can provide important testimony regarding the "role of religion and criminality in the upbringing of Petitioner[.]" (<u>Id.</u> at 24.) |

| Donald L. Bull, Jr. | <ul><li>75 years old  (<u>Id</u>. at 17-18.)</li><li>"Mr. Bull is uniquely qualified to testify to his discussions with McCullough regarding the ownership and distribution of the profits upon the sale of the Clarksburg property."  (<u>Id</u>. at 34.)</li><li>"Mr. Bull's testimony is critical to establish McCullough's entanglements with narcotics traffickers such as Gabriel Aguirre."  (<u>Id</u>. at 36.)</li></ul> |
|---|---|
| William R. Giffen | <ul><li>86 years old  (<u>Id</u>. at 37.)</li><li>Judge Giffen can testify about the money sent to him by Mr. Rovell during trial.  (<u>Id</u>. at 37-38.)</li><li>Despite the potential significance of his testimony, Judge Giffen has declined to provide a declaration to this point. (<u>See</u> <u>id</u>. at 38 n.23.)</li></ul> |
| John E. | <ul><li>69 years old  (<u>Id</u>. at 31.)</li><li>"Mr. E.'s anticipated testimony serves as the keystone for Claim 10(G) within the federal habeas petition" as Mr. E is a juror at the center of petitioner's juror misconduct claims. (<u>Id</u>. at 28.)</li></ul> |
| Larry Hastings | <ul><li>61 years old  (<u>Id</u>. at 42.)</li><li>"[U]niquely able to describe the drug trafficking business of Sammy McCullough involving large shipments of marijuana… [and] as a confidant of McCullough, knew about the guns and money that McCullough had hidden at his home." (<u>Id</u>. at 17.)</li><li>Petitioner claims that there is additional risk to Mr. Hastings' health in light of "his previous lifestyle choices."  (<u>Id</u>. at 42.)</li></ul> |
| Jerry D. Horning | <ul><li>70 years old  (<u>Id</u>. at 17-18.)</li><li>Mr. Horning can testify that petitioner was not responsible for the death of Mr. McCullough.  (<u>Id</u>. at 42.)</li><li>Petitioner claims Mr. Horning "has numerous chronic medical conditions, including hypertension, diabetes, dyslipidemia, convulsions, and asthma."  (<u>Id</u>. at 52.)</li><li>Petitioner also notes that his life expectancy is likely shortened by the fact that "[he] is currently in custody, and has been for a significant portion of his life."  (<u>Id</u>.)</li></ul> |
| Barry M. Karl | <ul><li>73 years old  (<u>Id</u>. at 17-18.)</li><li>As state habeas counsel, Mr. Karl can provide unique testimony regarding the failure of the prosecution and trial defense counsel to provide important and exculpatory information to post-conviction counsel.  (<u>Id</u>. at 53-56.)</li></ul> |
| Mark Koch | <ul><li>67 years old  (<u>Id</u>. at 57.)</li><li>Mr. Koch is uniquely positioned to testify about petitioner's escape from prison and the conditions surrounding it as an individual who testified at petitioner's escape trial.  (<u>Id</u>. at 57.)</li><li>Mr. Koch can testify regarding possible incentives provided to Mr. Biaruta in order to secure his testimony against</li></ul> |

8

| | petitioner. (<u>Id.</u> at 60.) |
|---|---|
| Donald L. Loving, Jr. | • 70 years old (<u>Id.</u> at 17-18.)<br>• Mr. Loving is able to give testimony central to petitioner's jury misconduct claim as a witness to the impact of Ms. Winchell's murder on juror Mr. E. (<u>Id.</u> at 30; ECF No. 58-1 at 109-10.) |
| Leonard J. Mark | • 81 years old (ECF No. 58 at 62.)<br>• Mr. Mark spoke with petitioner's trial counsel regarding his motivations for taking petitioner's case pro bono and his desire for publicity. (<u>Id.</u> at 62-62.)<br>• Mr. Mark can testify regarding trial counsel's conflicts of interest. (<u>Id.</u>) |
| Patricia M. O'Connor | • 84 years old (<u>Id.</u> at 63.)<br>• "Ms. O'Conner has been battling with lung cancer." (<u>Id.</u> at 83.)<br>• Ms. O'Conner, as defense counsel's investigator, is one of two remaining members of the trial team, the other being Timothy T. O'Donnell who at the time was a first-year law student serving as a law clerk. (<u>Id.</u> at 62.)<br>• Ms. O'Connor can provide extensive testimony regarding the effectiveness of trial counsel, the investigation that was conducted, trial counsel's conflicts of interest, and more. (<u>Id.</u> at 62-83.) |
| Ronald R. Peterson | • 73 years old (<u>Id.</u> at 17-18.)<br>• Mr. Peterson can provide testimony as a colleague and neighbor of petitioner's trial counsel who knew him "over an extended period of time." (<u>Id.</u> at 84.)<br>• Mr. Peterson can also testify regarding trial counsel's conflicts of interest as it related to exclusive book and movie rights. (<u>Id.</u> at 85.) |
| Leo Patrick Piggott | • 81 years old (<u>Id.</u> at 86.)<br>• Mr. Piggott can testify regarding the competency of a witness at petitioner's trial, the prosecution's manipulation of that witness, and trial counsel's failure to investigate or speak with the witness prior to trial. (<u>Id.</u> at 87-88.) |
| Michael E. Platt | • 70 years old (<u>Id.</u> at 17-18.)<br>• Suffered a stroke in 2012 and is now in "ill health." (<u>Id.</u> at 98.)<br>• As prosecutor in petitioner's state capitol trial, Mr. Platt is able to testify as to trial counsel's inadequacies, agreements that were made with the now deceased Mr. Biaruta to testify against petitioner, why charges against petitioner's brother were dismissed, and more. (<u>Id.</u> at 88-98.)<br>• Mr. Platt is the only remaining living attorney from either side of petitioner's trial. (<u>Id.</u> at 98.) |
| Robert Gustav Sand | • 74 years old (<u>Id.</u> at 17-18.)<br>• Mr. Sand can testify regarding Mr. McCullough's drug |

| | |
|---|---|
| | distribution prior to his death as well details regarding the sale of the Clarksburg property. (Id. at 99-100.)<br>• "[Mr.] Sand's testimony about the fate of the marijuana is integral to the theory that Montano or Antioch police officers murdered McCullough to prevent him from exposing the large-scale drug use and distribution within the Department." (Id. at 99.) |
| Shirley Sanders | • 65 years old (Id. at 101.)<br>• "[Ms. Sanders] is the only living person who read the text of the document before handing it over to Cowley and could identify it as the quitclaim deed to the Clarksburg property." (Id. at 101.)<br>• Ms. Sand can provide testimony "describing McCullough and Cowley's relationship, establishing Cowley as a viable suspect in McCullough's murder, and describing the contamination of the crime scene prior to investigation." (Id. at 102.) |
| John F. Schuck, III | • 70 years old (Id. at 17-18.)<br>• Mr. Schuck can testify regarding documents and information that were not included in trial counsel's files when they were provided to Mr. Shuck as appellate counsel. (Id. at 103.)<br>• Mr. Schuck is also able to provide important testimony relevant to petitioner's ineffective assistance of appellate counsel claims. (Id.) |
| Judi Smith | • 76 years old (Id. at 17-18.)<br>• Ms. Smith can testify regarding the "drug addiction and psychiatric problems" faced by her now deceased son, Timothy Horning, a witness at petitioner's trial as well as testify as to Mr. Horning's competency to testify. (Id. at 106.)<br>• Ms. Smith can also testify regarding how Mr. Mayoya obtained cooperation from Mr. Horning. (Id.) |
| Gordon Sonne | • 77 years old (Id. at 17-18.)<br>• Mr. Sonne can provide testimony as a law enforcement officer familiar with petitioner. His testimony can provide important details regarding petitioner's family dynamics including petitioner's fear of his brothers. (Id. at 109-10.) |

All of the proposed deponents are of advanced age. As noted above, advanced age alone can be a compelling reason to justify perpetuating that witness's testimony. See Penn Mutual Life Ins. Co., 68 F.3d at 1375; Texaco, 383 F.2d at 609; Bodine, 2007 WL 9757798, at *1; Tennison, 203 F.R.D. at 441-42. Despite respondent's arguments to the contrary, it does not appear that any court has imposed clear line for what is considered to be advanced age. In fact, courts have permitted the perpetuation of testimony of witnesses based on age when those

1   witnesses were in their 60s.  See e.g., Tennison, 203 F.R.D. at 443.  The proposed deponents are

2   all at least 60 years old and many are much older.  As such, all the deponents appear to be what

3   courts have considered sufficiently advanced age to present a risk to losing testimony.  Id.

4          However, petitioner's argument does not rest solely on the ages of these proposed

5   witnesses.  Petitioner has included detailed information about the unique testimony possessed by

6   these witnesses that would be lost should they be unable to testify as well as potential health

7   issues for each proposed deponent.  This information, along with the medical issues faced by

8   several of these individuals and their advanced ages, shows there exists a significant risk that each

9   of these witness's testimony will be lost if not preserved.  Thomas, 144 F.3d at 621-22.

10         In light of the above, petitioner has provided evidence that there is a significant risk that

11  the testimony of the proposed deponents will be lost if it is not preserved.  Thomas, 144 F.3d at

12  621-22.  As such, petitioner has satisfied the third requirement and has shown good cause exists

13  to grant petitioner's motion.  Id.

14                        **4.  Respondent's Arguments in Opposition**

15         In opposing this motion, respondent raises a number of arguments.  These include: (1)

16  Horning's federal habeas petition contains unexhausted claims; (2) Horning's motion seeks to

17  create new testimony or evidence rather than merely preserve expected testimony or current

18  statements; (3) the proposed deposition testimony is not properly tied to any existing federal

19  habeas claim or claims; (4) the proposed deposition testimony is inadmissible (e.g., it is hearsay

20  without an exception or based on speculation); (5) there is no showing that the proposed

21  deposition testimony leads to a meritorious claim; (6) the proposed testimony is not essential

22  because it relates to events that may be detailed by other witnesses with personal knowledge of

23  those events; (7) the proposed testimony is not essential because it relates to events that may be

24  detailed by documents or records; and/or (8) Horning fails to show that the health of the

25  individuals sought to be deposed is ailing and requires imminent deposition.  (ECF No. 61 at 11.)

26         The court addressed arguments 3 and 5 above, finding petitioner has provided clear links

27  between the expected testimony and petitioner's claims as to each witness.

28  ////

Arguments 6, 7, and 8 all relate to whether petitioner has established good cause.  In arguments 6 and 7 respondent argues that the proposed testimony is not essential because it may be detailed by other individuals and documents/records.  (Id.)  Argument 8 claims petitioner has not shown that every proposed deponent "is ailing and required imminent deposition."  (Id.) While the uniqueness of testimony and infirmity of witnesses are persuasive factors in establishing the existence of good cause, they are only two possible factors.  In some cases, courts have also found advanced age of a witness alone to be a sufficiently persuasive factor.  See Bodine v. Graco, Inc., No. CV 05-434-TUC-BPV, 2007 WL 9757798, at *1 (D. Ariz. May 18, 2007) ("advanced age, by itself may be relevant in that it carries an increased risk that the witness will be unavailable by the time of trial");  See also, Tennison, 203 F.R.D. at 441; Penn Mutual Life Insurance Company, 68 F.3d at 1375.  As discussed above, petitioner has presented detailed information about the apparent unique testimony possessed by each of the proposed deponents. (ECF No. 58 at 21-110.)  Petitioner also includes information regarding the health issues of a number of these individuals.

Respondent fails to adequately show that any of these witnesses should not be considered aging, that their testimony is not unique, and/or that they are not suffering from serious health issues.  Looking at the factors present for each witness, the court has found petitioner has shown a significant risk that the testimony of these witnesses will be lost if not preserved.  Thomas, 144 F.3d at 621-22.  As such, arguments 6, 7, and 8 are not persuasive.

The remainder of respondent's arguments will be addressed individually.

### i.  Argument 1 – The Petition Contains Unexhausted Claims

Respondent claims that because the current filed petition contains unexhausted claims, petitioner's request to preserve testimony should be denied.  Respondent rests this argument on the statement by the Ninth Circuit in Thomas that "discovery requests should not be granted when the petition filed involves both exhausted and unexhausted claims."  144 F.3d at 621.  Respondent misinterprets the context and intention of this statement.

In Thomas, the Ninth Circuit found that the district court did not err when it found good cause to temporarily lifted the stay in a death penalty habeas action and permitted petitioner to

perpetuate the testimony of a witness.  Id. at 621-22.  The action in Thomas was stayed so that petitioner could seek to exhaust his unexhausted claims in state court.  Id. at 620.  However, unlike the present case, the petition in Thomas did not contain unexhausted claims.  This is because Thomas was decided in 1998.  144 F.3d 618.  As such, it was decided prior to the Supreme Court's 2005 decision in Rhines v. Weber which held that a district court could hold in abeyance mixed petitions containing both exhausted and unexhausted claims.  544 U.S. 269, 278-79 (2005).  At the time Thomas was decided, preserving testimony would be impermissible for a petition containing unexhausted claims, not because exhaustion was a base requirement to perpetuate testimony, but because a petition could not be heard or stayed by the court if it contained unexhausted claims.

In fact, in stating that "discovery requests should not be granted when the petition filed involves both exhausted and unexhausted claims" the court in Thomas cited Calderon v. United States Dist. Ct. ("Roberts"), 113 F.3d 149 (9th Cir. 1997).  Thomas, 144 F.3d at 621.  In that case, the court found that discovery was not appropriate for a mixed petition because the unexhausted claim "must be dismissed or pursued in state court before they may be included in the federal habeas petition."  113 F.3d at 149.  With the Supreme Court's decision Rhines, this rule was altered; a petitioner may include unexhausted claims in a petition while the habeas action is stayed and the petitioner returns to state court.  544 U.S. at 278-79

Here, petitioner seeks to perpetuate testimony while his petition contains unexhausted claims, this action was properly stayed pursuant to Rhines, 544 U.S. 269.  (ECF Nos. 40, 41.)  As such, the issue of the petition containing unexhausted claims, as raised in Thomas, no longer applies.  Further, as decided by the court in Thomas, permitting the preservation of testimony under Rule 27(a) is permissible in connection with unexhausted claims.  144 F.3d at 621.

### ii.  Argument 2 – Petitioner Seeks to Create New Testimony or Evidence

Respondent claims that, through his motion to preserve testimony, petitioner is seeking to create new testimony or evidence, not simply to preserve the testimony of these witnesses.  Respondent argues that the request should be denied as any of the testimony will be outside the scope of this court's review under Cullen v. Pinholster, 563 U.S. 170, 181 (2011).  In Pinholster,

13

1   the Supreme Court held that new evidence introduced at a § 2254(e)(2) evidentiary hearing

2   cannot be considered under § 2254(d)(1).  563 U.S. at 185.  Instead, the federal habeas court is

3   limited to the record that was before the state court that adjudicated the claim on the merits.  Id.

4        Here, petitioner has not yet sought to introduce any of the proposed testimony for this

5   court to consider.  Petitioner's request at this time is solely to take this testimony for preservation

6   purposes.  In granting petitioner's request, the court does not determine that any of the deposition

7   testimony produced can be properly considered by the court.  This is consistent with the finding

8   of other courts in this district.  See e.g., Lenart v. Warden, No. CIV S-05-1912 MCE CKD (E.D.

9   Cal. April 6, 2012).  Accordingly, the court will decline to deny petitioner's request on this basis.

10        **iii.  Argument 4 – The Proposed Deposition Testimony Is Inadmissible**

11        Respondent also suggests that petitioner's request should be denied as the proposed

12   deposition testimony is inadmissible.  (ECF No. 61 at 11.)  Nothing in the good cause standard

13   for preserving testimony under Rule 27 imposes an admissibility requirement.  See Martin v.

14   Reynolds Metal Corp., 297 F.2d 49, 55 (9th Cir. 1961) ("Nor do we think that Rule 27 requires

15   that the inquiry at the deposition be limited to evidence that would be material and admissible in

16   evidence at the trial."); see also In re Bay Cty. Middlegrounds Landfill Site, 171 F.3d 1044, 1046

17   (6th Cir. 1999) ("However, nothing in the rule indicates that the requirement that Petitioner

18   'show' certain matters means the 'showing' must include material proffered in a form admissible

19   at trial.")  In fact, Rule 27 itself contains requirements for future usage of the evidence and its

20   admissibility, showing that testimony obtained this way is only subject to admissibility

21   requirements when it was brought before the court as evidence.  See Fed. R. Civ. P. 27(a)(4).  As

22   mentioned above, petitioner has not yet sought to introduce any of the deposition testimony for

23   this court to consider.  Thus, the admissibility of any deposition testimony which might be

24   produced is not yet before this court.

25        Petitioner's request at this time is strictly to take deposition testimony from these

26   individuals for preservation purposes.  As such, respondent's argument as to the admissibility of

27   the proposed deposition testimony is premature.

28   ////

1     **5.    Petitioner Has Shown Good Cause Exists to Preserve Testimony**

2          Petitioner has satisfied all of the requirements to establish good cause to preserve the

3 testimony of these witnesses under Rule 27(a).  <u>Thomas</u>, 144 F.3d at 621-22.  Accordingly, the

4 court will grant petitioner's motion (ECF No. 58) as to this request.

5     **III.    Petitioner's Request for Declarations In Lieu of Live Testimony**

6          In his motion, petitioner requests that he be permitted to use declarations in lieu of live

7 testimony from any witnesses who are too old or infirm to be deposed.  (ECF No. 58 at 9.)

8 Petitioner does not argue or present any evidence that establishes that this is presently necessary

9 for any of the proposed deponents.  Instead, petitioner seeks blanket permission from the court to

10 utilize declarations where the petitioner later determines this is necessary.

11          At this time, petitioner's request is too speculative.  In his reply, petitioner cites Rule 32 of

12 the Federal Rules of Civil Procedure.  (ECF No. 62 at 29.)  However, Rule 32 provides for the use

13 of deposition testimony, not declarations, in lieu of live testimony in cases where a witness is

14 unavailable.  Additionally, petitioner has not presented evidence sufficient to establish that any of

15 these witnesses are unavailable.  Petitioner also notes 28 U.S.C. § 2246 permits declarations to be

16 used as evidence in habeas corpus actions at the discretion of the judge.  28 U.S.C. § 2246; <u>see</u>

17 <u>Stanley v. Warden of San Quentin State Prison</u>, No. CIV S-95-1500 FCD GGH P, 2007 WL

18 1100320, *3 (E.D. Cal. Apr. 11, 2007).  However, petitioner's request is too overbroad and

19 speculative for the court to exercise this discretion at this time.  As such, petitioner's request will

20 be denied.

21          Petitioner may renew his request to use declarations in lieu of live testimony in the future

22 should more concrete issues arise.[2]  The court will consider the factual and legal standing for any

23 such request on a case-by-case basis.

24 ////

25 ////

26 _____

27 [2] It is also unclear whether such a request is permissible under Rule 27 which, as respondent
notes, appears to only permit the perpetuation of testimony by deposition.  <u>See</u> Fed. R. Civ. P. 27.

28 However, the court need not reach that issue at the present time as petitioner's request will
already be denied.

**IV.    Respondent's Request for Discovery**

Should the court authorize petitioner to depose any witnesses, respondent requests discovery thirty days prior to any depositions being held.  (ECF No. 61 at 54-55.)  Respondent's requested discovery includes (1) "access to trial counsels' file(s)"; (2) "leave of this Court to obtain copies of the confidential California Penal Code section 987.9 records from Horning's San Joaquin County capital trial that relate to the funding of the defense for indigent capital case defendants"; and (3) "any statements, testimony, declarations, or affidavits made by any individual who is scheduled to be deposed, or is deposed."  (Id.)  The final request is stated to be "ongoing to include any future statements made by any individuals who are deposed, or scheduled to be deposed."  (Id. at 55-56.)

Respondent does not cite any statute or case law supporting the proposition that respondent is entitled to any discovery at this time.  At oral argument, the government conceded that they did not have any legal authority to support this request but suggested that the principles of due process required the discovery request be granted.  The court has not found any case where a respondent was granted discovery in connection with the perpetuation of testimony under Rule 27(a).  Nor has respondent provided any authority.

In general, "allowing discovery before the government has even answered the [habeas] petition is not common."  See United States v. Prado, No. CR S-02-21, 2009 WL 4018147, at *1 (E.D. Cal. Nov. 18, 2009).  Rule 27(a) is an exception to this and only permits depositions to preserve testimony under limited circumstances.  See Fed R. Civ. P. 27(a); see also Thomas, 144 F.3d at 621-22.  Nothing in Rule 27(a) permits parties to obtain additional discovery for cross-examination purposes if depositions are authorized.  See Fed R. Civ. P. 27(a).  In fact, the Ninth Circuit has made clear that Rule 27's purpose is to perpetuate "known testimony" and is not intended to be used to obtain discovery.  State of Nev. v. O'Leary, 63 F.3d 932, 936 (9th Cir. 1995); See also Petition of Ferkauf, 3 F.R.D. 89, 90-91 (S.D.N.Y. 1943).

Petitioner's motion is a limited request to perpetuate testimony under Rule 27(a).  Nothing in that rule or the relevant case law appears to permit respondent to request discovery prior to filing answer.  See Fed. R. Civ. P. 27(a).  Respondent has also not shown that any of the

16

1    requested discovery is subject to loss or destruction.  In light of the above, respondent's request

2    for discovery will be denied as premature.

3                                            **CONCLUSION**

4            For the reasons set forth above, the court finds: (1) petitioner has established good cause

5    to preserve the testimony of the proposed deponents under Rule 27(a) of the Federal Rules of

6    Civil Procedure; (2) petitioner's request to utilize declarations from these witnesses in lieu of live

7    testimony is overbroad and speculative; and (3) respondent's request to receive discovery is

8    premature as respondent has not yet filed answer and has not shown that the requested items are

9    at risk of loss or destruction.

10           Accordingly, IT IS HEREBY ORDERED that:

11       1.  Petitioner's Motion to Temporarily Lift Stay and Abeyance to Preserve Testimony

12           (ECF No. 58) is granted in part and denied in part.

13       2.  Petitioner's request to preserve the testimony under Federal Rule of Civil Procedure

14           27(a) is granted.  Petitioner may take deposition testimony from the following

15           witnesses:

16               a.  Connie Calhoun

17               b.  Gary Calhoun

18               c.  James Gerald Carnes

19               d.  Richard "Dickie" Smith

20               e.  Nora Yant

21               f.  Donald L. Bull, Jr.

22               g.  William R. Giffen

23               h.  John E.

24               i.  Larry Hastings

25               j.  Jerry D. Horning

26               k.  Barry M. Karl

27               l.  Mark Koch

28               m.  Donald L. Loving, Jr.

1                        n.  Leonard J. Mark

2                        o.  Patricia M. O'Connor

3                        p.  Ronald R. Peterson

4                        q.  Leo Patrick Piggott

5                        r.  Michael E. Platt

6                        s.  Robert Gustav Sand

7                        t.  Shirley Sanders

8                        u.  John F. Schuck, III

9                        v.  Judi Smith

10                     w.  Gordon Sonne

11      3.  The stay and abeyance of this action that was imposed on January 19, 2012 (ECF No.

12           41) will be temporarily lifted for the limited purpose of taking depositions to preserve

13           the testimony of the above-listed individuals.  At the conclusion of these activities, this

14           case will remain stayed, and will continue to be held in abeyance until federal

15           proceedings resume at the conclusion of the pending state proceedings in this matter.

16      4.  Petitioner's request to submit declarations in lieu of live testimony (see ECF No. 58) is

17           denied.

18      5.  Respondent's request for discovery contained in respondent's opposition (ECF No.

19           62) is denied.

20  Dated:  November 22, 2022

21

22

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27  DB:14
DB/DB Prisoner Inbox/Capital/horn1932.preserve.testimony

28