UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY RAY HORNING,<br><br>    Petitioner,<br><br>    v.<br><br>RON BROOMFIELD,<br><br>    Respondent. | No. 2:10-cv-01932-DAD-DB<br><br>**DEATH PENALTY CASE**<br><br>ORDER DENYING RESPONDENT'S REQUEST FOR RECONSIDERATION<br><br>(Doc. No. 71) |

Petitioner Danny Ray Horning is is a state prisoner sentenced to death proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Petitioner is represented in this action by Assistant Federal Defenders Lissa Gardner and David Harshaw, III. Respondent Ron Broomfield is represented by California Deputy Attorney General Kenneth Sokoler and Deputy Attorney General Robert Gezi.

On November 23, 2022, the assigned magistrate judge issued an order granting in part and denying in part petitioner's motion to temporarily lift the previously ordered stay and abeyance in this action and authorizing petitioner to take the depositions of twenty-three specifically identified witnesses pursuant to Federal Rule of Civil Procedure 27(a) in order to preserve their testimony. (Doc. No. 70.) That order provided that once the authorized depositions were taken, this case would remain stayed and would continue to be held in abeyance until the conclusion of the long

pending state habeas exhaustion proceedings.  (*Id.*)  Finally, both petitioner's request to submit declarations in lieu of live testimony (Doc. No. 58) and respondent's request for discovery prior to the taking of any of the depositions (Doc. No. 62), were denied.  (Doc. No. 70 at 2.)

On December 6, 2022, respondent filed the pending request for reconsideration of the magistrate judge's November 23, 2022 order.  (Doc. No. 71.)  Counsel on behalf of petitioner did not file an opposition to respondent's request for reconsideration and on February 9, 2023, the court issued a minute order directing petitioner to file a response to the request for reconsideration.  (Doc. No.  76.)  On February 16, 2023, counsel for petitioner filed a timely opposition to respondent's request as directed by the court.  (Doc. No. 77.)  Having considered the arguments of counsel for the parties, for the reasons set forth below, respondent's request for reconsideration will be denied.

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge.  Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c).  The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law."  L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  The orders of a magistrate judge addressing discovery motions are subject to the "clearly erroneous or contrary to law" standard of review.  *Rockwell Intern., Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983).  The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law.  *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991).  "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014).  "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed."  *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); s*ee also Sec. Farms v. Int'l*

*Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). Pursuant to Local Rule 303, the party seeking reconsideration must "specifically designate the ruling, or part thereof, objected to and the basis for that objection." L.R. 303(c).

Here, respondent argues that the magistrate judge's order authorizing the taking of specific depositions in order to preserve testimony pursuant to Rule 27(a) is contrary to law where, as here, the pending federal habeas petition before this court contains unexhausted claims. (Doc. No. 71 at 3–6.) Respondent also argues that the magistrate judge erred as a matter of law by applying an incorrect legal standard in determining that petitioner had demonstrated good cause supporting his request to preserve testimony under Rule 27. (*Id*. at 6–8.) Specifically, respondent contends that in addition to establishing good cause under Rule 27, petitioner should have also been required to establish good cause for the granting of discovery as required under Rule 6(a) of the Rules Governing § 2254 cases pursuant to the decision in *Bracy v. Gramley*, 520 U.S. 889 (1997). The undersigned finds these arguments to be unpersuasive and that respondent has failed to establish that the magistrate judge's November 23, 2022 order is either clearly erroneous or contrary to law.

As the magistrate judge correctly recognized, "Rule 27(a) differs from other discovery rules as it permits testimony to be taken on a showing of good cause before discovery would usually be allowed." (Doc. No. 70 at 4); *see State of Nevada v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995) (adopting the view that Rule 27 is merely designed to allow the preservation of known testimony and is not a discovery device) (citing *Ash v. Cort*, 512 F.2d 909, 912 (3rd Cir.1975) ("Rule 27 is not a substitute for discovery") and *Petition of Ferkauf*, 3 F.R.D. 89, 90-91 (S.D.N.Y.1943) ("Rule 27 was not intended to be used as a discovery statute")); *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55 (9th Cir.1961) ("The position of one who expects to be made a defendant is different, and we think that such a defendant should be, and is, entitled to use the Rule, upon a proper showing, to preserve important testimony that might otherwise be lost."); *Tennison v. Henry*, 203 F.R.D. 435, 440 (N.D. Cal. 2001) ("The scope of the inquiry that may be permitted under Rule 27 is narrower than that which is permissible under the more general rule governing discovery, . . . . In particular, Rule 27 may be used only to perpetuate important

3

1  'known testimony' that might otherwise be lost."). In short, *Bracy's* good cause showing

2  requirement to conduct discovery pursuant to Habeas Rule 6(a) is simply inapplicable here

3  because the depositions under Rule 27(a) are not discovery but are merely authorized for the

4  purpose of preserving known testimony that may otherwise be lost due to the lengthy delay in the

5  state exhaustion petition proceedings.

6        In addition, pursuant to the Supreme Court's decision in *Rhines v. Weber*, 544 U.S. 269

7  (2005), district courts are now authorized to stay mixed habeas petitions pending exhaustion.

8  That is what the court has done in this case, one in which petitioner's exhaustion petitions have

9  now been pending in state court for over a decade without being ruled upon. Even before the

10  decision in *Rhines*, the Ninth Circuit had approved of district courts authorizing the taking of

11  depositions with respect to even unexhausted claims where the appropriate showing is made,

12  stating as follows:

> While the claim to which Kohn's deposition relates is currently unexhausted, we hold that the district court's application of Fed. R. Civ. Pro. 27(a) was an appropriate use of the procedures available to district courts. "Unlike other discovery rules, Rule 27(a) allows a party to take depositions prior to litigation if it demonstrates an expectation of future litigation, explains the substance of the testimony it expects to elicit and the reasons the testimony will be lost if not preserved." *Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1373 (D.C.Cir.1995). If the court is "satisfied that the perpetuation of the testimony may prevent a failure or delay of justice," it shall permit the deposition to be taken. Fed. R. Civ. Pro. 27(a)(3).
>
> We find that the requirements of Rule 27(a) have been satisfied.

21  *Calderon v. U.S. District Court for the Northern District of California (Thomas)*, 144 F.3d 618,

22  619 (9th Cir. 1998). In light of the decision in *Rhines,* the applicability of Rule 27 to preserve

23  known testimony given what has proven to be decades long delay in state exhaustion petition

24  proceedings is even more apparent. For that reason, as petitioner's counsel has pointed out,

25  orders authorizing depositions under Rule 27 to preserve testimony such as that issued in this case

26  are not uncommonly issued by various judges of this district court. (Doc. No. 77 at 4–6.)

27        The November 23, 2022 order granting petitioner's request to preserve testimony under

28  Rule 27(a) was thorough, well-reasoned, fully supported and consistent with Supreme Court and

1  Ninth Circuit authority.  In the undersigned's view, respondent has failed to demonstrate that any
2  aspect of that order was either clearly erroneous or contrary to law.  Accordingly, respondent's
3  request for reconsideration of the magistrate judge's order (Doc. No. 71) is denied.

4      IT IS SO ORDERED.

5  Dated:  **February 27, 2023**

                                                                             *Dale A. Drozd*
6                                                  UNITED STATES DISTRICT JUDGE